# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LINDA F. CHILDS,

        Appellant,

        v.

OFFICE OF PERSONNEL
   MANAGEMENT,

        Agency,

     and

U.S. POSTAL SERVICE.

        Intervenor.

DOCKET NUMBER
CH-831E-13-0002-I-2

DATE: January 12, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Mary Anne M. Helveston, Esquire, Detroit, Michigan, for the appellant.

Linnette Scott, Washington, D.C., for the agency.

Deborah L. Lisy, Esquire, Chicago, Illinois, for the intervenor.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

¶1　　The appellant has filed a petition for review of the initial decision, which affirmed the Office of Personnel Management's (OPM) reconsideration decision denying her application for disability retirement as untimely filed.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2　　The appellant filed an appeal from an OPM reconsideration decision that denied her application for disability retirement as untimely filed.  MSPB Docket No. CH-831E-13-0002-I-1 (I-1), Initial Appeal File (IAF), Tab 1.  The record reflects that the appellant was employed by the U.S. Postal Service when she was injured in an auto accident in December 2005, after which she never returned to work.  MSPB Docket No. CH-831E-13-0002-I-2 (I-2), IAF, Tab 6; Hearing Compact Disc (testimony of Emmanuel Thomas, who was acting Labor Relations Specialist in Detroit at the time).  The appellant went on leave without pay (LWOP) status on April 13, 2006, and, in May 2006, the U.S. Postal Service sent her a letter notifying her that she would be removed in June 2006, based on her absence.  I-2, IAF, Tab 6 at 16.  Before her removal became effective, the

appellant or her union apparently settled a grievance on her behalf and her employing agency rescinded the removal. I-2, IAF, Tab 28 at 9. The U.S. Postal Service subsequently separated the appellant for disability in April 2007. I-2, IAF, Tab 28 at 24-25. The appellant remained on the agency's rolls until 2008, when her name was removed. However, the PS-50 form erroneously listed the June 2006 removal date as the effective date of her separation. I-2, IAF, Tab 28 at 16. OPM denied the appellant's disability retirement application as untimely filed, finding that she was separated in June 2006. I-1, IAF, Tab 4 at 7-9.

¶3     On appeal, the appellant argued that her application was timely because she did not learn of her separation until 2011, after she filed her application for disability retirement. I-1, IAF, Tab 1. Because there was an issue of the appellant's date of separation from service, the administrative judge allowed the U.S. Postal Service to intervene. I-2, IAF, Tab 21. After holding a hearing, the administrative judge concluded that the preponderance of the evidence shows that the U.S. Postal Service separated the appellant from employment for disability effective April 13, 2007. I-2, IAF, Initial Decision (ID) at 9. The administrative judge found further that, because OPM received the appellant's application for disability retirement on March 12, 2010, the application was approximately 2 years late. ID at 9. In addition, the administrative judge found that, even if the Board were to conclude that the appellant's removal was not effected until her name was deleted from the agency's rolls in April 2008, her application would still have been approximately 1 year late. ID at 9.

¶4     The statutory filing deadline with OPM for a claim for disability retirement is 1 year from the date an employee is separated from service. *See* 5 U.S.C. § 8337(b). The sole exception to this filing deadline is mental incompetence, which the appellant has not alleged in this case. It is undisputed that OPM received the appellant's application on March 12, 2010. In dispute, however, is the date the appellant was separated from employment with the U.S. Postal

Service. OPM's reconsideration decision found that the appellant was separated from service on June 23, 2006. I-1, IAF, Tab 4 at 7.

¶5    On review, the appellant reasserts that she did not learn of her separation until 2011, when she received OPM's decision denying her application. I-2, Petition for Review (PFR) File, Tab 1. The appellant asserts that the Postal Service falsified documents to make it appear that she had been separated in 2007, and that the administrative judge erred by finding that her disability retirement application was untimely filed with OPM. *Id.* We have considered the appellant's arguments on review concerning the administrative judge's weighing of the evidence; however, the applicable law and the record evidence support the administrative judge's findings that the appellant failed to prove she filed her application for disability retirement within one year after she was separated from employment. Thus, we discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶6    Here, the administrative judge thoroughly addressed the record evidence, including the errors and inconsistencies in the appellant's Postal Service records, and correctly found that the U.S. Postal Service made many errors regarding the documentation of the appellant's termination. ID at 6-7. The administrative judge found that most of the errors occurred after the U.S. Postal Service followed its practice of waiting until an employee has exhausted all avenues of appeal before deleting the employee's name from its rolls. ID at 6-7. However, notwithstanding the errors and inconsistencies in the appellant's U.S. Postal Service records, the administrative judge found that the weight of the evidence shows that the U.S. Postal Service's decisive act of separating the appellant for

disability occurred on April 13, 2007. ID at 9-10. Although the Postal Service did not delete the appellant's name from its employment rolls until April 2008, the Board considers a removal to have become conclusive, final, and effective as of the date set forth in the decision letter—April 13, 2007. *See, e.g.*, *Hopkins v. U.S. Postal Service*, 108 M.S.P.R. 25, ¶ 9 (2008) (the U.S. Postal Service retains employees on the rolls in nonpay status until the final disposition of grievances or appeals from removal actions).

¶7    In this instance, the U.S. Postal Service asserted below that, in early 2007, it initiated a separation action based on the appellant's continued absence from work, including sending the appellant a letter dated February 1, 2007, to her long-time address of record, warning her that she would be separated from employment if she did not elect one of the options listed in the letter. *See* IAF, Tab 28 at 11-12. The appellant did not respond and the agency issued a decision letter dated March 9, 2007, separating her from employment for disability effective April 13, 2007, and on March 19, 2008, the Manager of Distribution Operations sent a routing slip to the Detroit labor relations office directing them to delete the appellant's name from the rolls. *Id.* at 13-15.

¶8    The administrative judge also considered the appellant's own actions in January 2008, when she stopped submitting medical notes to the U.S. Postal Service on a regular basis—typically every 2 months—which would state that she was unable to return to work. ID at 9. The administrative judge concluded that, in light of the agency's evidence and the appellant's own discontinuation of submitting her medical notes, a preponderance of the evidence shows that the appellant received notice of her separation from employment by April 2008 at the latest. ID at 9. Moreover, the administrative judge found the appellant's testimony, that she first applied for disability retirement by mailing an application to the U.S. Postal Service in March 2007, and again in October or November 2007, to be not credible. ID at 9-10. The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly

or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002).

¶9       Here, the administrative judge thoroughly reviewed the evidence and the hearing testimony and specifically cited to *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987),[2] in setting forth his credibility determinations. *See* ID at 10. Specifically, the administrative judge addressed the errors and inconsistencies in the agency's records but found the agency's version more credible because there is no corroborating documentary evidence supporting the appellant's assertions, and because the appellant made prior inconsistent statements in two hand-written letters to OPM in which she stated that she first submitted her claim for disability retirement in August 2009. ID at 9-10. Thus, the administrative judge found the agency's evidence more credible than the appellant's assertions. Furthermore, while the appellant argues on review that the agency submitted false documents below to support its claims, the administrative judge considered all of the documentary evidence and testimony below in finding the U.S. Postal Service more credible. Hence, we find that the administrative judge thoroughly addressed his credibility determinations in the initial decision and we discern no reason to disturb those well-reasoned findings. *See Crosby*, 74 M.S.P.R. at 105-06. Accordingly, we conclude that the appellant has shown no basis upon which to disturb the initial decision.

---

[2] In *Hillen*, the Board found that, to resolve credibility issues, an administrative judge must identify the factual questions in dispute, summarize the evidence on each disputed question, state which version he believes, and explain in detail why he found the chosen version more credible, considering such factors as: (1) the witness's opportunity and capacity to observe the event or act in question; (2) the witness's character; (3) any prior inconsistent statement by the witness; (4) a witness's bias, or lack of bias; (5) the contradiction of the witness's version of events by other evidence or its consistency with other evidence; (6) the inherent improbability of the witness's version of events; and (7) the witness's demeanor.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.